UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHNNY LEE SMOOT | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-369-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of cross-motions for summary judgment. [Record Nos. 12, 15] Plaintiff Johnny Lee Smoot ("Smoot" or "the Claimant") argues that the administrative law judge ("ALJ") assigned to his case erred in evaluating opinions from two consultants and by failing to consider all of Smoot's functional restrictions. As a result, Smoot seeks reversal of the ALJ's decision and an award of benefits. Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"), contends that the ALJ's determination is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Smoot.

**I.**

On December 18, 2009, Smoot applied for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and Part A of Title

XVI of the Social Security Act ("the Act"). [*See* Administrative Transcript, pp. 168-73; hereafter, "Tr."] He alleges a disability beginning December 1, 2007. [*Id.*, p. 168] Smoot's applications were denied initially and upon reconsideration. [*Id.*, pp. 94-101, 104-09] On August 16, 2011, an administrative hearing was held before ALJ Andrew Chwalibog in Prestonsburg, Kentucky. [*Id.*, p. 28] Smoot appeared and testified, represented by attorney William Grover Arnett. [*Id.*] Vocational expert ("VE") Gina Baldwin also testified during the hearing. [*Id.*]

Smoot was fifty-one years old at the time of the ALJ's decision. [*Id.*, p. 33] He has an eighth grade education and has previously worked as a furnace operator, machine operator, forklift operator, groundskeeper, and industrial cleaner. [*Id.*, pp. 33-34, 43] When he filed for benefits, Smoot claimed to be disabled due to removal of his right eye, depression and anxiety, stomach pain related to ulcers, and back pain. [*Id.*, p. 196] Upon filing for reconsideration, Smoot also alleged that he had difficulty using his right hand, difficulty breathing due to pain and stiffness, and a worsening hernia. [*Id.*, p. 230] During the administrative hearing, Smoot alleged he was unable to work due to declining vision; pain in his lower back, stomach, and legs; numbness in his feet; and headaches ocurring two or three times per week. [*Id.*, pp. 35-40]

After reviewing the record and testimony presented during the administrative hearing, ALJ Chwalibog concluded that Smoot suffered from the severe impairments of status-post right eye removal, ventral hernia, depressive/anxiety disorder, and estimated low intellectual functioning. [*Id.*, p. 15] Notwithstanding these impairments, the ALJ determined that Smoot

maintained the residual functioning capacity ("RFC") to perform light work subject to the following limitations:

> [Smoot] should only occasionally push or pull with both upper and lower extremities. He should never climb ladders or scaffolds but could occasionally stoop, crouch or crawl. He should not perform jobs requiring bilateral visual acuity, depth perception, or wide fields of vision. He should avoid all exposure to hazards (machinery, heights, etc.). He retains the ability to understand, recall, and carry out simple, familiar instructions and procedures requiring brief learning periods. He could concentrate and persist at simple, familiar tasks requiring some independent judgment and involving minimal variations in two-hour segments. He has an ability to interact as needed with supervisors and peers sufficiently for task completion, yet involving no significant interaction with the public on more than an occasional basis. [Smoot] also retains the ability to adapt adequately to situational conditions and changes with reasonable support and structure.

[*Id.*, pp. 17-18]

ALJ Chwalibog determined that Smoot could not perform past relevant work. [*Id.*, p. 21] However, after considering Smoot's age, education, work experience, and RFC, the ALJ found that he could perform other work that exists in significant numbers in the national economy, such as hand packer, night cleaner, house sitter, grader/sorter, final assembler, and bench worker. [*Id.*, p. 22] Based on these findings, the ALJ concluded that Smoot was not disabled under the Act. [*Id.*]

## II.

Under the Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a

five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work

available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

The Court's standard of review of the Commissioner's determination "is both familiar and limited." *Kobetic v. Comm'r*, 114 F. App'x 171, 173 (6th Cir. 2004). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Therefore, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

# III.

## A.     Weight Assigned to Consultative Opinions

Smoot argues that the ALJ erred in assigning no weight to the opinions of consultants Mr. Paul Ebben, Psy.D., and Mr. Phil Pack, M.S., without sufficient explanation. [Record No. 12-1, p. 8] ALJ Chwalibog considered the evaluations made by the consultants but opted to assign no weight to these opinions. [Tr., p. 20] He explained that the opinions were inconsistent with the record as a whole, contained inconsistent information about Smoot's alleged alcohol abuse and severity of impairments, and found the terms "fair" and "poor" were not defined by Mr. Ebben. [*Id.*] Smoot asserts that the ALJ did not provide a sufficient explanation for assigning no weight to these opinions and that he had a duty to contact Mr. Ebben regarding unclear definitions. [Record No. 12-1, pp. 8-10] The Commissioner responds that the ALJ appropriately applied the regulations regarding the weight to be given to such consultative opinions. [Record No. 15, p. 6]

The ALJ is responsible for weighing the record as a whole and determining the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§ 404.1546(c), 416.946(c). When reviewing medical evidence, the weight the ALJ gives to a consultative opinion depends on a variety of factors, including whether the source actually treated the claimant, the supportability of the source's opinion, consistency of the opinion compared with the record as a whole, and other factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). When an opinion is inconsistent with the record, the ALJ has the discretion to give less weight to that opinion. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). The treating physician rule, under

which the opinions of treating physicians are entitled to great deference, applies if a physician has dealt with a claimant over a long period of time and thus has a deep insight into the medical condition of the claimant. *See Coldiron*, 391 F. App'x at 442; *see also Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

ALJ Chwalibog pointed out that Mr. Ebben found many areas in which Smoot maintains poor functioning:

> only fair ability to understand, follow, and retain simple, one- and two-step instructions; to communicate via speech . . . fair-to-poor ability to interact with friends and to interact with coworkers, and supervisors . . . poor ability to sustain concentration and persist to complete tasks in a normal amount of time; to adapt or respond to pressures normally found in a daily work setting; to work with the general public; to perform complex functions; to respond to rapid changes; to meet deadlines and quotas; to problem-solve and make decisions; and to manage funds.

[Tr., pp. 19-20]

The ALJ gave these limitations little weight because Smoot had never sought mental health treatment and was never prescribed medication for alleged mental health problems. [*Id.*, p. 20] The ALJ also acknowledged Mr. Ebben's determination that Smoot had provisional mild mental retardation. [*Id.*] However, the ALJ rejected this opinion because of Smoot's history of semi-skilled work and enrollment in normal classes through eighth grade, which contradicts Mr. Ebben's findings about Smoot's mental capabilities. [*Id.*] Further, Smoot is able to live alone and care for himself, read and understand non-scientific newspaper and magazine articles, and socialize with neighbors. [*See Id.*, pp. 34, 220, 224] These abilities suggest a higher level of functioning than Mr. Ebben assessed.

Mr. Phil Pack, M.S., assessed Smoot's performance on intellectual functioning testing and diagnosed borderline intellectual functioning, rather than mild mental retardation. [*Id.*] Mr. Pack discussed restrictions on Smoot's employment where academic or abstract skill are required, his ability to understand or carry out complex job instructions, and his ability to react predictably in social settings or be reliable. [*Id.*] The ALJ gave no weight to these restrictions because Smoot had not sought mental health treatment and was able to perform semi-skilled work in the past. [*Id.*]

The ALJ did not err in assigning no weight to the medical opinions of Mr. Ebben and Mr. Pack. First, neither consultant is a treating source; thus, the treating physician rule is inapplicable. *See Coldiron*, 391 F. App'x at 442 (stating that the treating physician rule does not apply to consultative examiners); *see also Barker*, 40 F.3d. at 794 (holding that a clinical psychologist's evaluation of the claimant's impairments was not entitled to substantial deference because the nonphysician was not hired to treat the claimant but was paid to examine on one occasion and administered no treatment). Additionally, ALJ Chwalibog appropriately applied the factors outlined in §§ 404.1527 and 416.927 by considering that their opinions were unsupported by the record, that they lacked a treatment relationship with Smoot, and that their opinions were inconsistent with the record as a whole. 20 C.F.R. §§ 404.1527, 416.927.

The ALJ further noted that there were discrepancies between Mr. Ebben and Mr. Pack's reports and Smoot's testimony regarding his past alcohol abuse. [Tr., p. 20] Mr. Ebben's February, 2010, assessment noted that Smoot rarely drinks (most recently, four months prior to the examination) and has never had a problem with alcohol. [*Id.*, p. 625] In Mr. Pack's June,

2011, assessment, Smoot described drinking heavily, around a twelve-pack a day, after being diagnosed with cancer but currently only drinks "a couple of beers" "every two-to-three months". [*Id.*, p. 693] Mr. Pack's assessment further noted that Smoot was previously arrested for alcohol intoxication and driving while intoxicated, indicating a history of alcohol problems. [*Id.*] Smoot testified at the August, 2011, hearing that he drinks a six-pack of beer every couple of months and attended Alcoholics Anonymous meetings four months prior. [*Id.*, p. 40] Because these statements and assessments conflict, the ALJ questioned Smoot's credibility and the accuracy of the consultative opinions. [*Id.*, p. 20]; *see also Cruse*, 502 F.3d at 543 (quoting *Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988)) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). Based on the foregoing, ALJ Chwalibog did not err in assigning no weight to the medical opinions of Mr. Ebben and Mr. Pack.

Smoot further argues that the ALJ should have known what the terms "fair" and "poor" meant in Mr. Ebben's evaluation or should have contacted the consultant for clarification. [Record No. 12-1, p. 9] The ALJ noted that because Mr. Ebben did not define the terms, they were "only the opinion of the consultative examiner and not that of the Social Security Administration." [Tr., p. 20] Under 20 C.F.R. §§ 404.1520b(c) and 416.920b(c), an ALJ may recontact a treating physician to obtain more information if there is insufficient evidence to make a disability determination; however, such action is not mandatory. 20 C.F.R. §§ 404.1520b(c), 416.920b(c). As discussed herein, substantial evidence supports the ALJ's determination

without recontacting Mr. Ebben. [Tr., pp. 20-21] Further, ALJ Chwalibog did not reject Mr. Ebben's opinion *solely* based on a lack of definitions but also because of the inconsistency of the opinion with the record as a whole and the discrepancies about Smoot's alcohol abuse and severity of impairments. [*Id.*, pp. 19-20] The ALJ had no duty to recontact because Mr. Ebben's opinion was rejected primarily due to inconsistency with the record. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 274 (6th Cir. 2010) (holding that an ALJ is not required to recontact a physician when the physician's opinion is rejected because it is inconsistent with the record). In short, the ALJ did not err in failing to recontact Mr. Ebben.

### B. Consideration of Impairments

Smoot also contends that the ALJ failed to consider all the limitations presented by consulting physician Dr. James Matthews, M.D. [Record No. 12-1, p. 11] Although Dr. Matthews, an ophthalmologist, noted in his evaluation that Smoot may experience difficulties with fine motor skills and traveling, ALJ Chwalibog did not include these limitations in his hypothetical to the VE. [Tr., pp. 42-45] Smoot argues that the ALJ erred in excluding these limitations from the hypothetical and that more weight should be given to these limitations because Dr. Matthews is a specialist. The Commissioner asserts that the limitations presented were properly assessed as only potential limitations and were correctly excluded from the ALJ's hypothetical because Smoot presented no evidence that these are actual limitations he experiences. [Record No. 15, p. 12]

Under 20 C.F.R. §§ 404.1520b and 416.920b, the ALJ reviews all evidence presented before making findings regarding a claimant's functional limitations. Medical opinions

presented by specialists are generally given more weight. 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5). However, the burden is on the claimant to show evidence of a disability. 20 C.F.R. §§ 404.1512(a), 416.912(a). Further, the ALJ may rely on the VE's answer to a hypothetical question for substantial evidence as long as the question "actually portrays [the claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). If an ALJ finds limitations are not credible or are unsubstantiated, he is not required to include them in a hypothetical to the VE. *See Casey*, 987 F.2d at 1235.

Dr. Matthews stated in his opinion that Smoot "should be able to perform such activities as sitting, standing, moving about, lifting, carrying, and handling gross objects [but] *may* have trouble with fine motor skills and with traveling." [Tr., p. 660] (emphasis added) ALJ Chwalibog noted this potential impairment in his findings but did not include them in his hypothetical to the VE. [*Id.*, pp. 19, 42-45] Smoot did not produce any evidence that his fine motor skills or ability to travel are actually limited by his alleged disabilities. Additionally, Smoot testified that he is able to perform some household chores, cook for himself, and maintain personal grooming. [*Id.*, p. 222] While Smoot does not own a car, he is able to drive, shop for groceries, and visit neighbors regularly. [*Id.*, pp. 223-24] Smoot did not report difficulty with fine motor skills or using his hands when asked what kept him from working. [*Id.*, pp. 35-36] In fact, Dr. Megan Mason, M.D., noted in her assessment that Smoot had "good . . . fine motor control." [*Id.*, p. 634] The ALJ correctly rejected these potential limitations because they are

inconsistent with the record and because Smoot presented no other evidence demonstrating that the limitations should have been included.

### C.  **Substantial Evidence**

The Court's review of the denial of Smoot's claim is limited to determining whether the decision is supported by substantial evidence.  The ALJ acknowledged that Smoot has alleged some problems that could be limiting but that he has a "significantly greater" ability to perform other tasks.  [*Id.*, p. 20]

Smoot complains of a hernia, depression and anxiety, headaches, and leg and back pain, but has not sought medical treatment for these symptoms.  [*Id.*]  He is also able to manage his pain with over-the-counter medications.  [*Id.*, p. 39]  Smoot is able to care and cook for himself, complete some household chores, shop for groceries, and visit neighbors.  [*Id.*, pp. 222-24]  The ALJ also noted that Smoot's ability to complete daily activities is not significantly reduced because of his alleged medical problems.  [*Id.*, p. 19]  Based on these considerations, the ALJ found Smoot's testimony about the severity, persistence, and limiting effects of his impairments not credible.  [*Id.*]  Dr. Mason determined that Smoot "should be able to sit, walk, and/or stand for a full workday, lift/carry objects without limitations, hold a conversation, respond appropriately to questions, carry out and remember instructions."  [*Id.*, p. 635]  Mr. Pack described Smoot as pleasant, friendly, and that a "rapport [was] easy to establish and maintain." [*Id.*, p. 695]  These assessments demonstrate a greater ability to perform tasks and interact with others than Smoot alleges.

Substantial evidence supports ALJ Chwalibog's determination that Smoot is not disabled under the Act.

### IV.

Smoot has failed to meet the burden of establishing that his impairments caused disabling limitations. ALJ Chwalibog did not err in assigning no weight to the opinions of Mr. Ebben and Mr. Pack. The ALJ also properly assessed the limitations addressed by Dr. Matthews. Additionally, substantial evidence supports his determination. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Johnny Lee Smoot's Motion for Summary Judgment [Record No. 12] is **DENIED.**

(2) Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 15] is **GRANTED**.

(3) The administrative decision will be **AFFIRMED** by separate Judgment to be entered this date.

This 19th day of June, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge